Brent T. Robinson, Esq.
ROBINSON, ANTHON & TRIBE
Attorneys at Law
615 H Street
P.O. Box 396
Rupert, Idaho  83350-0396
Telephone No. (208) 436-4717
Facsimile No. (208) 436-6804
Email Address:  btr@idlawfirm.com
Idaho State Bar No. 1932

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

- - - - - - - - -

| In Re: | ) | Case No.  10-40017-JDP |
|---|---|---|
|  | ) |  |
| PARROTT BROADCASTING | ) | CHAPTER 11 PLAN |
| LIMITED PARTNERSHIP, | ) | FOR REORGANIZATION |
|  | ) |  |
| Debtor. | ) |  |

- - - - - -

### CHAPTER 11 PLAN FOR REORGANIZATION

PARROTT BROADCASTING LIMITED PARTNERSHIP, herein referred to as the debtor, proposes the following plan for reorganization.  Except where indicated to the contrary, the terms utilized in this Plan have been so utilized as defined in the Bankruptcy Code.

## ARTICLE I

### *DEFINITIONS*

The debtor provides the following definitions for the benefit of creditors so they can better understand the Plan:

A.  "Petition" shall mean the voluntary petition under Chapter 11 filed with this Court on January 7, 2010.

B.  "Case" shall mean the bankruptcy action filed by the debtor for reorganization of the

debtor's estate commenced by a voluntary petition under Chapter 11 on January 7, 2010, which is now pending in the United States Bankruptcy Court for the District of Idaho.

C. "Filing Date" shall mean the date the debtor filed for relief under Chapter 11 of the United States Bankruptcy Code, or January 7, 2010.

D. "Effective Date" shall be sixty (60) days after confirmation unless there is an appeal pending regarding confirmation. If an appeal is pending, then the effective date shall be the date the appeal is ultimately resolved.

E. "Date of Distribution" shall be the date selected by the debtor for the initial distribution under the Plan, or if the date of confirmation is after the date selected by the debtor, then the date of distribution shall be sixty (60) days after the date of confirmation, which shall be the effective date of the Plan unless otherwise indicated in the Plan.

F. "Disbursing Agent" shall mean Scott Parker, who will be duly authorized and appointed upon approval of the Plan.

## ARTICLE II

## APPOINTMENT OF DISBURSING AGENT

Scott Parker shall be the disbursing agent for the estate.

## ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

The claims of creditors shall be divided into the following classes:

CLASS 1.  Administrative Fees and Costs
- (A) Attorney's Fees
- (B) Accountant's Fees
- (C) Chapter 11 Quarterly Fees

CLASS 2.  Section 507 Priority Claims
- (A) Department of Taxation, Hawaii District Office
- (B) Internal Revenue Service
- (C) Mitchell J.L. Tam

CLASS 3.  Aloha Radio Group, LLC

CLASS 4.  JD Spring Creek Ranch LLC

CLASS 5.  Korbel Capital LLC

CLASS 6.  Contracts and Leases

  a. Associated Press Broadcasting Service
  b. Island Airwaves Inc
  c. Jim Fakas
  d. Korbel Capital LLC
  e. Sheraton Keauhou Bay Resort
  f. Shigeo Tsuburaya
  g. Triton Digital Media
  h. Wavecomm Solutions
  i. Westwood One Company

CLASS 7.  Unsecured Claims

CLASS 8.  Inconsequential or Burdensome Property

CLASS 9.  Creditors who will settle their claims for $200 or claims of a lesser amount

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS

The debtor shall treat the claims and interests of creditors as divided into the classes stated above in the following manner:

### CLASS 1.  Administrative Fees and Costs

The costs and expenses of administration of this proceeding are to be borne by the debtor and are to be paid in cash on the date of distribution of this Plan unless otherwise provided herein.

  (A)  Attorney's Fees

As to the allowance to counsel for the debtor for the services rendered to date, as well as for services to be rendered, the debtor and their counsel have agreed to leave the same to the sole discretion of the Court.  Upon confirmation of the Plan, counsel will apply to the Court for fees to which he deems himself entitled based upon his time and hourly charges.  To date the law firm of Robinson, Anthon & Tribe has been paid the sum of $15,000.00.  Of that amount $2,858.00 was

applied to pre-petition fees and costs, and the balance of $12,142.00 is being held in trust with the understanding said sum will be applied to post-petition fees and costs incurred in this case, but only after Court approval has been obtained. Any attorney's fees and costs incurred in this case, which exceed the amount being held in trust, shall be paid by the debtor within one (1) year after the date of confirmation.

(B)  Accountant's Fees

Debtor sought and obtained Court authorization to employ the services of an accountant, more specifically, Jeff Turner, a certified public accountant at Aloha Business Services. Pursuant to 11 USC §330, compensation for services rendered by said accountant shall be paid as an administrative expense in such amount or amounts as may be allowed by the Court upon proper application therefore. Upon confirmation of the Plan said accountant will apply to the Court for fees to which he deems himself entitled based on his time and hourly charges, and may seek interim compensation during the pendency of this case.

(B)  Chapter 11 Quarterly Fees

Pursuant to 28 USC 1930(a)(6), the debtor is obligated to pay quarterly fees to the United States Trustee during the pendency of the Chapter 11 case until a plan is confirmed.  The United States Trustee quarterly fees are an administrative expense which shall be paid on the effective date of the plan by virtue of 11 USC 1129(a)(12), and debtor shall pay, when due, all quarterly fees incurred from the date of confirmation until the case is closed by the Court, converted or dismissed, whichever occurs first.

**CLASS 2.  Section 507 Priority Claims**

Each allowed claim entitled to priority pursuant to Section 507(a)(7) of the Code shall be paid as follows:

(1)  Department of Taxation, Hawaii District Office

The Department of Taxation, Hawaii District Office has filed a claim in the amount of $14,320.45.  Debtor shall pay the unsecured priority amount of $12,266.15 together with interest thereon at the rate of five percent (5%) per annum in 60 equal payments of $231.48.

Chapter 11 Plan - 4

The first payment shall be made on or before the 1st day of January 2011, with subsequent payments to be made on or before the 1st day of each and every month thereafter until the entire sum ultimately determined to be owed together with interest thereon is paid in full. In addition, the debtor shall remain current in the payment of all post-petition taxes. The remainder of the claim of the Department of Taxation is unsecured and shall be treated under Class 7 of this Plan.

(2) <u>Internal Revenue Service</u>

The Internal Revenue Service has filed a proof of claim in the amount of $63,334.54. Debtor shall pay the unsecured priority amount of $54,007.42 together with interest thereon at the rate of five percent (5%) per annum in 60 equal payments of $1,019.19. The first payment shall be made on or before the 1st day of January 2011, with subsequent payments to be made on or before the 1st day of each and every month thereafter until the entire sum ultimately determined to be owed together with interest thereon is paid in full. In addition, the debtor shall remain current in the payment of all post-petition taxes. The remainder of the claim of the Internal Revenue Service is unsecured and shall be treated under Class 7 of this Plan.

It is understood and agreed by and between the debtor and the Internal Revenue Service that the discharge granted by 11 USC §1141(d) shall be and the same is modified as to the tax debt provided for in this plan, and discharge of any tax debt under this plan shall not be effective until all taxes provided for under this plan have been paid in full.

If the debtor or the debtor's successor in interest fails to make any deposits of any currently accruing employment tax liability or fails to make payment of any tax to the Internal Revenue Service within thirty (30) days of the due date of such deposit or payment, or if the debtor or debtor's successor in interest fails to file any required federal tax return within thirty (30) days of the due date of such return, then the United States may declare that the debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the debtor or debtor's successor in interest is in default.

If the United States declares the debtor or debtor's successor in interest to be in default of the debtor's obligations under the Plan, then the entire pre-petition liability shall

Chapter 11 Plan - 5

become due and payable immediately upon written demand to the debtor or the debtor's successor in interest.

If full payment is not made within fourteen (14) days of such demand, or other arrangement agreed in writing, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The debtor and all the debtor's property shall be liable for such unpaid liabilities as if no bankruptcy had occurred.

(3) Mitchell J. L. Tam

Mitchell J.L. Tam has filed a proof of claim in the amount of $868.10; said sum represents unpaid salary amounts earned prepetition. Debtor shall pay the secured priority amount of $868.10. The payment shall be made in full on or before the 1st day of January 2011.

### CLASS 3.  Aloha Radio Group, LLC

The allowed secured claim of Aloha Radio Group, LLC is the sum of $244,838.58. The amount of 244,838.58 together with interest thereon at the rate of six percent (6%) per annum shall be paid in monthly payments of $3,576.74 for seven years (84 months). The first payment shall be made on or before the 1st day of January, 2011 with subsequent payments to be made on the 1st day of each and every month thereafter until the sum of $244,848.58, together with interest thereon, is paid in full. Aloha Radio Group, LLC shall retain its lien against the collateral until fully paid as provided herein.

### CLASS 4.  JD Spring Creek Ranch, LLC

The allowed secured claim of JD Spring Creek Ranch, LLC is the sum of $106,000.00. The principal sum now due and owing together with interest thereon at the rate of six percent (6%) per annum from the date of filing shall be paid in monthly payments of $1,176.82 for ten years (120 months). The first payment shall be made on or before the 1st day of January, 2011 with subsequent payments to be made on the 1st day of each and every month thereafter until the sum of $106,000.00, together with interest thereon, is paid in full. JD Spring Creek Ranch, LLC shall retain its lien against the collateral until fully paid as provided herein.

**CLASS 5.  Korbel Capital, LLC**

The allowed secured claim of Korbel Capital, LLC is the sum of $109,488.89. The principal sum now due and owing together with interest thereon at the rate of six percent (6%) per annum from the date of filing shall be paid in monthly payments of $1,215.55 for ten years (120 months). The first payment shall be made on or before the 1st day of January, 2011 with subsequent payments to be made on the 1st day of each and every month thereafter until the sum of $109,488.89, together with interest thereon, is paid in full. Korbel Capital, LLC shall retain its lien against the collateral until fully paid as provided herein.

**CLASS 6.  Contracts and Leases**

a. <u>Associated Press Broadcasting Service</u>.  Debtor has never had a direct lease with Associated Press Broadcasting Service; however, to the extent one exists, debtor hereby rejects the lease.

b. <u>Island Airwaves, Inc.</u>  Debtor's lease with Island Airwaves has since expired and has operated under this lease as a "hold-over" tenant, month to month. Upon confirmation of this plan, the lease with Island Airwaves, Inc. for the Puu Alala tower site will be deemed assumed.

c. <u>Jim Fakas</u>.  Upon confirmation of this plan, the lease with Jim Fakas for the Kona tower site will be deemed assumed.

d. <u>Korbel Capital, LLC</u>.  Upon confirmation of this plan, the lease with Korbel Capital, LLC for the KIPA (AM) Hilo tower site will be deemed assumed.

e. <u>Sheraton Keauhou Bay Resort</u>.  Upon confirmation of this plan, the lease with Sheraton Keauhou Bay Resort for 78-128 Ehukai Street, Kailua-Kona, Hawaii will be deemed rejected.

f. <u>Shigeo Tsuburaya</u>.  Upon confirmation of this plan, the lease with Shigeo Tsuburaya for 688 Kinoole Street, Suite 112 will be deemed assumed.

g. <u>Triton Digital Media</u>.  Upon confirmation of this plan, the lease with Triton Digital Media for internet services will be deemed assumed.

      h.    <u>Wavecomm Solutions.</u> Upon confirmation of this plan, the lease with PacificLight Net, Inc. (now dba Wavecomm) will be deemed rejected.

      i.    <u>Westwood One Company.</u>  Upon confirmation of this plan, the lease with Westwood One Company for CNN Radio News will be deemed assumed.

### **CLASS 7. Unsecured Claims**

This class includes all unsecured claims except those specifically treated elsewhere in this Plan.  On the date of filing, all of these claims (less: the amounts of those disputed and or unliquidated claims where proof of claims were not timely filed by the deadline date; and plus: the amounts of unsecured claims by the IRS and Dept. of Taxation, District of Hawaii) total approximately $393,919.21.   Debtor shall pay unsecured creditors who have timely filed claims the sum of $1,313.06, which shall be proportionately divided among the claimants.  The first payment shall be made on or before the 1st day of January 2011 with subsequent payments to be made on the 1st day of each and every month thereafter. The combined annual payment for all allowed unsecured claims shall be approximately $15,756.72, which is twenty percent (20%) of the face amount of the claims with no interest, amortized over five (5) years.

### **CLASS 8. Inconsequential or Burdensome Property**

This class includes all property of the estate that is burdensome or of inconsequential value to the estate.  Because this property has no value to the estate, the debtor shall abandon this property in accordance with Section 554 of the Code.  If any deficiency remains after the abandonment that would extend to the debtor's estate, the deficiency, if uncontested by debtor or allowed by the Court, shall:  (1) be included in Class 7 and receive appropriate treatment thereunder; or, (2) after notice and hearing, shall be classified as some other class deemed appropriate by the Court.

### **CLASS 9. Creditors Who Will Settle Their Claims for $200.00 or Claims of a Lesser Amount**

This class includes all creditors, if any, who elect to settle their claims for the lesser of $200 or ten (10) percent of the full amount of their claims where the full allowed amount is

$10,000 or less. A creditor electing treatment under this class shall notify the debtor of the election in writing on or before the effective date of the Plan. An electing creditor shall be deemed unimpaired by the Plan and the claim shall be satisfied upon payment.

## ARTICLE VI

## PREPAYMENT OF CLAIMS

The debtor reserves the right to prepay any or all of the claims hereinabove set forth, without penalty.

## ARTICLE VII

## SALE OF PROPERTY

At any time during the term of this Plan, the debtor may sell its business or portions thereof, its equipment and machinery when the debtor deems the sale prudent and expedient. The sale proceeds may be applied to the secured portion of the appropriate secured creditor's claim thereby reducing the amount of the payments to such creditor by the amount of the sale proceeds.

## ARTICLE VIII

## RETENTION OF PROPERTY

The debtor shall retain all property of the estate, except such personal property that is not needed by the debtor for an effective reorganization. Property that is not needed will be abandoned or sold and the proceeds applied to the appropriate secured creditor's claim, whichever is deemed appropriate by the debtor.

## ARTICLE IX

## EXECUTION OF THE PLAN

The debtor shall retain all property of the estate except as hereinabove set forth and the debtor shall adhere to the payment schedules described within this Plan. All payments shall be made by debtor from broadcasting operations and from such other income as may be generated by the debtor in its operations.

# ARTICLE X

## POST FILING INDEBTEDNESS

No post filing indebtedness, other than what has been set forth in this Plan, has been incurred by the debtor which indebtedness is in arrears or is not current.

# ARTICLE XI

## ADVERSARY PROCEEDINGS

The debtor reserves the right to begin or continue any adversary proceedings permitted under Title 11 of the United States Code.

# ARTICLE XII

## USE OF CASH COLLATERAL AND INCURRING SECURED DEBTS

Whenever a creditor retains a lien against cash collateral, as defined in 11 USC §363(a), either pursuant to the terms of the debtor's plan or subsequent order confirming the plan, the debtor may continue to use that cash collateral in its broadcast operations, provided their plan payments are current.  The right to use cash collateral shall terminate if debtor does not make the payments stated above, and continued use shall be allowed only when the payments are brought current.

Debtor also reserves the right to seek authorization to incur secured debts in accordance with 11 USC §364(c) and (d) of the Bankruptcy Code.

# ARTICLE XIII

## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of the debtor and its operations subject to confirmation of the Plan for the sole purpose of allowing claims and hearing objections, if any, for continuing or commencing any adversary proceedings, and for determining and resolving any

default or other similar matters under this Plan.

## ARTICLE XIV

## CONCLUSION

The debtor has given every thought to the complex problems confronting it, and with the assistance of its counsel, has devised and formulated this Plan. This Plan is respectfully submitted with the hope that its equity and fairness will be considered by the parties in interest, whose consent is necessary to perfect it. It is further hoped that all creditors will join in an affirmative vote for the Plan in order that they, as well as the debtor, will receive the maximum benefits to be derived therefrom. The debtor has not audited the claims or other figures; however, this Plan and the approved Disclosure Statement are as accurate as is feasible under the circumstances.

DATED this 1st day of July, 2010.

    /s/   Scott Parker  
Scott Parker