Daniel C. Green (ISB #3213)
RACINE OLSON NYE BUDGE
   &amp; BAILEY, CHARTERED
P. O. Box 1391
Pocatello, Idaho 83204-1391
Telephone: (208)232-6101
Facsimile: (208)232-6109
E-mail: dan@racinelaw.net
*Attorneys for Unsecured Creditors' Committee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-40017-JDP |
| | ) | (Chapter 11) |
| PARROTT BROADCASTING LIMITED | ) | |
| PARTNERSHIP dba RADIO STATIONS | ) | |
| KIPA, KHWI and KHBC, | ) | |
| | ) | |
| Debtor. | ) | |

**UNSECURED CREDITORS COMMITTEE'S OBJECTION TO THE
ADEQUACY OF THE AMENDED DISCLOSURE STATEMENT**

      The Unsecured Creditors Committee (the "UCC") objects to the adequacy of the Amended Disclosure Statement (Docket No. 72) and the proposed Chapter 11 Plan for Reorganization (the "Plan") (Docket No. 46) filed on July 2, 2010, by Parrott Broadcasting Limited Partnership (the "Debtor"), as follows:

      1.    <u>Inadequate information concerning retention of equity in the reorganized debtor</u>. Page 6, Paragraph 9 of the Disclosure Statement indicates that, "creditors in an impaired class must either receive the full value of the property of their claims or, if they receive less, no class with junior liquidation priority may receive anything." The Disclosure Statement and Plan propose that unsecured creditors receive less than 100% of their unsecured claims, yet appears to provide for the equity holders to retain their interest. The Disclosure Statement and Plan, therefore, violate the

**UNSECURED CREDITORS COMMITTEE'S OBJECTION TO THE
ADEQUACY OF THE AMENDED DISCLOSURE STATEMENT - Page 1**

absolute priority rule, without any explanation of what new value the equity holders may advance under the Plan to retain their interest in the limited partnership.

2. <u>Inadequate information concerning means of implementation</u>. The means of implementation of the Plan is not clearly explained. The Amended Disclosure Statement states that the Plan contemplates an effective reorganization relying on income generated from entering into local market agreements and/or from the market and sale of the Debtor's assets. The creditors are unable to determine if the Debtor intends to reorganize its business or liquidate its assets. If the Debtor intends to liquidate, the Amended Disclosure Statement fails to disclose potential purchasers, the purchase price, terms of sale, timing, and related information. The Amended Disclosure Statement further fails to indicate when the Debtor will determine whether to reorganize or liquidate and the factors used to make such determination.

3. <u>Inadequate information concerning ability to reorganize</u>. The comparative income statement attached to the August 2010 monthly operating report indicates that since the date the bankruptcy was filed the Debtor has a net loss of $15,595.65. The Amended Disclosure Statement does not indicate how the Debtor intends to operate at a profit and generate sufficient amounts to fund the Plan and operate the business.

4. <u>Inadequate information concerning the cessation of business</u>. The UCC is advised that the Debtor ceased all business activity in September 2010. The Amended Disclosure Statement does not disclose why the business was stopped and the Debtor's intentions with respect to reorganizing.

5. <u>Inadequate information concerning unexpired leases and executory contracts</u>. The Amended Disclosure Statement identifies ten unexpired leases and executory contracts. The

Amended Disclosure Statement does not indicate whether the leases and contracts will be assumed or rejected and if rejected whether rejection damages will be a factor upon distributions to unsecured creditors under the Plan. The Amended Disclosure Statement does not indicate the purpose of the leases and contracts so that creditors can determine how assumption or rejection will impact the Debtor's business.

6. <u>Inadequate information concerning avoidance of liens</u>. The Amended Disclosure Statement identifies three secured claims as follows: Aloha Radio Group, LLC, JD Spring Creek Ranch, LLC, and Corbel Capital, LLC. No information is provided concerning the loans or an analysis of whether the liens granted to insiders in essentially all of Debtor's assets are avoidable.

7. <u>The liquidation analysis is inadequate</u>. The liquidation analysis indicates that the value of the Debtor's assets were derived based on the Debtor's work in attempting to market the assets with real estate experts in the Hawaiian market. There is no information of when the assets were marketed, what real estate experts were used, and if the market conditions have changed since the time Debtor attempted to market the assets and any impact changed market conditions may have on the value of the assets.

8. <u>Inadequate information concerning commencement of the Plan</u>. The Amended Disclosure Statement provides at Page 7 that "this reorganization will commence upon the date of confirmation, the date of distribution, and the effective date." This provision is confusing as it indicates three different times when the Plan may be commenced.

9. <u>Inadequate information concerning sale of the assets</u>. Page 6 of the Amended Disclosure Statement states that the "Debtor has conducted negotiations with a number of Hawaiian broadcasters and has received tentative offers which shall be subject to approval by the Court after

a separate notice and hearing or in conjunction with the confirmation of the Chapter 11 Plan." No information has been disclosed identifying the broadcasters that have made tentative offers or the terms of said offers.

10. <u>No Amended Plan</u>. The Amended Disclosure Statement refers to an Amended Plan. However, no Amended Plan has been filed in conjunction with the Amended Disclosure Statement.

11. <u>Inadequate information concerning reasons for filing bankruptcy</u>. The Amended Disclosure Statement fails to adequately explain the causes of the Debtor's bankruptcy. On Pages 19-20, the Debtor merely indicates that the Debtor was forced to file for bankruptcy "due to a declining advertising market and poor economic conditions as a whole." This brief explanation for the filing is inadequate for creditors to determine whether the Debtor is able to recover from the financial problems that brought it into bankruptcy.

12. <u>Inadequate information concerning salaries</u>. The Amended Disclosure Statement fails to provide any additional information and explanation of salaries to be received by the Debtor's general partner or other employees as requested in the UCC's Objection to the first Disclosure Statement.

## CONCLUSION

Based upon the foregoing objections, the UCC requests that approval of the Debtor's Amended Disclosure Statement be denied.

DATED this 3rd day of November, 2010.

               RACINE, OLSON, NYE, BUDGE &
                 BAILEY, CHARTERED


            By: /s/ Daniel C. Green
              DANIEL C. GREEN
              Attorney for Unsecured Creditors Committee


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of November, 2010, I served a copy of the foregoing on CM/ECF Registered Participants as reflected below:

| | |
|---|---|
| Brent T. Robinson<br>btr@idlawfirm.com | Mary P. Kimmel<br>mary.p.kimmel@usdoj.gov |
| U.S. Trustee<br>ustp.region18.bs.ecf@usdoj.gov | David Wayne Newman<br>david.w.newman@usdoj.gov |


            /s/ Daniel C. Green
            DANIEL C. GREEN