# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>**Parrott Broadcasting Limited Partnership,**<br><br>**Debtor.** | **Bankruptcy Case No. 10-40017-JDP** |

## MEMORANDUM OF DECISION

**Appearances:**

> Monte Gray, Gray Law Offices, PLLC, Pocatello, Idaho, Attorney for Creditor Marquee Broadcasting, Inc.

> Ron Kerl, Cooper & Larsen, Chtd., Pocatello, Idaho, Attorney for Hugh Gordon, successor to Creditor Hilo Broadcasting, LLC.

> Brett Cahoon, Racine, Olson, Nye, Budge & Bailey, Chtd., Pocatello, Idaho, Attorney for Chapter 7 Trustee Gary L. Rainsdon.

### *Introduction*

Creditor Marquee Broadcasting, Inc. ("Marquee") filed a motion to

deem its proof of claim as timely filed because, it argues, it filed an

MEMORANDUM OF DECISION – 1

"informal" proof of claim before the filing deadline. Dkt. No. 307. Hugh

Gordon, the successor in interest to creditor Hilo Broadcasting, Inc.

("Hilo"), filed an objection to Marquee's motion. Dkt. No. 311. The Court

conducted a hearing concerning Marquee's motion on July 29, 2014, at

which Marquee, Hilo, and chapter 7 trustee Gary Rainsdon ("Trustee")

appeared through counsel and presented arguments in support of their

respective positions. At the conclusion of the hearing, the Court took the

issues under advisement. This Memorandum is the Court's findings of

fact, conclusions of law, and decision concerning those issues. *See* Rules

9014 and 7052.[1]

### *Facts*

The debtor, Parrott Broadcasting Limited Partnership ("Debtor"),

filed a chapter 11 petition on January 7, 2010. Dkt. No. 1. Debtor listed

Marquee as an unsecured creditor in its schedules. Dkt. No. 16 at 24.

Sometime in February, 2010, during the chapter 11 case, Marquee

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 2

submitted a form entitled "Declaration of Willingness to Serve on

Unsecured Creditors' Committee" form (the "Declaration")[2] to the Office

of the U.S. Trustee for the District of Idaho ("UST").  Dkt. No. 305, Exhibit

A.  The Declaration was a form which was sent by the UST to various

creditors listed by Debtor in its schedules to, as its title indicates, gauge the

creditors' interest in serving on the Unsecured Creditors' Committee (the

"Committee") to be appointed by the UST in the chapter 11 case.  The

Declaration was filled out by attorney Brian Lane, a Marquee officer and

shareholder.  Where the form requested the "NAME OF THE CREDITOR,"

the Declaration stated "Brian J. Lane (d/b/a Marquee Broadcasting)" and

provided an address, phone and fax number, and the signature of Mr.

Lane.  The form asked the recipient creditor to explain the "Nature of

claim,"and the "Amount of unsecured claim," and in response, Mr. Lane

indicated that Marquee's claim was based upon a "promissory note," and

that the claim amount was "$230,671.88."  As noted above, the Declaration

---

[2]  Although the document is labeled "Declaration," it is not signed under
penalty of perjury.  *See* 28 U.S.C. § 1746.

MEMORANDUM OF DECISION – 3

was not sent to nor filed with the Court; it was sent directly to the UST.

Presumably in response to its receipt of the Declaration, Mr. Lane "c/o Marquee Broadcasting, Inc." was appointed to serve on the Committee by the UST on March 18, 2010.  Dkt. No. 23.  Thereafter, Mr. Lane was elected to serve as the chair of the Committee, and in that capacity, he signed an application to employ Dan Green of Racine, Olson, Nye, Budge & Bailey, Chartered, as counsel for the Committee, which application was filed in the bankruptcy case on April 5, 2010.  Dkt. No. 25; Dkt. No. 305, Exhibit B.

On February 10, 2011, on motion of the UST, and with no objection by Debtor, the Court converted the bankruptcy case to a case under chapter 7.  Dkt. No. 114.  Mr. Rainsdon was appointed as chapter 7 trustee. Dkt. No. 115.  On April 5, 2011, the Court approved Trustee's application to employ Mr. Green as his counsel in the case.  Dkt. No. 134.

After conversion, on March 14, 2011, Mr. Lane drafted an email to

MEMORANDUM OF DECISION – 4

Mr. Green[3] which stated, "we all received new claims forms as part of the

conversion to [c]hapter 7.  Do we need to fill these out again, or are we

deemed to have already filed a claim based on the earl[ier] [c]hapter 11

process?"  Dkt. No. 305, Exh. C.  Mr. Green responded via email that, "the

claims filed in the chapter 11 will carry over to the chapter 7 case."  *Id.*

However, Marquee had not filed a formal proof of claim in the chapter 11

case, nor would it file a formal proof of claim in the chapter 7 case before

the deadline to do so had passed.

The deadline for filing timely claims in the chapter 7 case was June

13, 2011.  Hilo timely filed a proof of claim in the chapter 7 case.  Trustee's

Final Accounting, Dkt. No. 285 at 4.  According to Trustee's Final

Accounting, Hilo holds an allowed unsecured claim for $165,170, and as a

result, could expect to receive a pro rata distribution on its allowed claim

of about 29 percent.  *Id.*

---

[3]  At this point, Trustee had filed the application to employ Mr. Green as his counsel in the chapter 7 case, but the order approving his employment had not been entered.  Presumably, Lane was corresponding with Green in his former capacity as counsel for the Committee.

MEMORANDUM OF DECISION – 5

After Trustee's Final Accounting was filed, Lane noticed that

Marquee was not on the list of creditors holding allowed unsecured claims

eligible to receive a distribution.  On June 3, 2014, Marquee's counsel filed

a notice of appearance, Lane's declaration explaining Marquee's

predicament, and an executed, formal proof of claim  for $230,671.88.  The

proof of claim listed the creditor as "Marquee Broadcasting, Inc." and

represented that the basis for the claim was a promissory note, although

no copy of a promissory note was attached to the proof of claim.  *See* Proof

of Claim No. 36-1.  On July 25, 2014, Marquee filed an amended proof of

claim for the same amount, this time attaching a copy of the promissory

note.  *See* Proof of Claim No. 36-2.

A hearing on Trustee's Final Accounting took place on June 3, 2014,

the same date Marquee filed its first formal proof of claim with the Court.

Dkt. No. 306.  Counsel for Trustee, Hilo, and Marquee appeared.  Given

the undetermined status of Marquee's claim, the Court declined to

approve Trustee's Final Accounting, and instead, allowed Marquee time to

MEMORANDUM OF DECISION – 6

file a motion asking that its claim be treated as timely filed.

In its motion, filed on June 17, 2014, Marquee requests an order from the Court deeming the Declaration sent by Marquee to the UST to be a timely informal proof of claim, such that it could thereafter be amended by the formal proof of claim filed on June 3, 2014, and amended on July 25, 2014.  Dkt. Nos. 307 and 309.  Hilo objected to the motion.  Dkt. No. 311.

## *Analysis and Disposition*

Marquee argues that its proof of claim, as amended, should be deemed timely so that it may share in distributions to creditors by Trustee. Marquee contends that the Declaration it sent to the UST during the chapter 11 case satisfies all the case law requirements for a timely informal proof of claim.  Marquee also argues that Hilo has not made a sufficient showing that it will be prejudiced to an extent justifying disallowance of Marquee's amendments to its informal proof of claim.

In opposition, Hilo argues that the Declaration does not constitute an informal proof of claim under the court-made standards.  First, Hilo

MEMORANDUM OF DECISION – 7

points out the creditor listed in the Declaration sent to the UST is "Brian J. Lane d/b/a Marquee Broadcasting,"while the creditor listed by Debtor in its schedules, and named in the formal proofs of claims filed with the Court, was "Marquee Broadcasting, Inc."[4]  Second, Hilo argues that the Declaration lacks both an "explicit demand" for payment and any evidence showing Marquee's "intent to hold the estate liable," both requisites for a proper informal proof of claim.  Finally, Hilo argues that it will indeed be prejudiced if Marquee's amended claim is allowed because, as a creditor holding an allowed claim entitling it to twenty-nine cents on the dollar, its distribution will be diminished to about eleven cents on the dollar if Marquee's motion is granted.

---

[4]  Hilo also initially argued that because the basis for Marquee's claim was a promissory note, but no such note was attached to either the Declaration or original proof of claim, the claim is defective and should be disallowed.  In the Court's view, this argument concerning the form of Marquee's claim has been rendered moot based upon the amended proof of claim filed by Marquee, No. 36-2, filed on July 25, 2014, which included a copy of the promissory note.

MEMORANDUM OF DECISION – 8

Trustee belatedly sided with Hilo in this dispute.[5]

## I. Applicable Law

Section 501(a) authorizes, but does not require, a creditor to file a

proof of claim.  However, under § 502(a), for a claim to be "allowed" in a

chapter 7 case, proof of a creditor's claim must be "filed under section 501 .

. . ."  And, of significance here, only those creditors holding allowed

unsecured claims may participate in distributions in a chapter 7 case.  In

particular, under § 726(a)(2)(A), after administrative expenses are paid,

---

[5]  The Court is perplexed by Trustee's refusal, until the eleventh hour, to
take a position concerning the status of Marquee's claim in this contest.  Trustee
did not object to Marquee's proofs of claim when filed as untimely, nor did he
object to Marquee's motion to deem them timely filed based upon the informal
proof of claim doctrine.  And although the Court invited Trustee's counsel to
express his views concerning whether Marquee's claim should be allowed at the
hearing on the motion, counsel declined, preferring to instead "defer" to the
Court's judgment.  When the Court questioned this curious posture in light of
Trustee's statutory duty to object to the allowance of any "improper" claim, *see*
§ 704(5), counsel briefly consulted with Trustee and, seemingly reluctantly,
indicated that Trustee now "joined" in the objection filed by Hilo.

Chapter 7 trustees routinely object to creditor claims that are not timely
filed.  That this trustee would prefer to occupy a spectator's seat in a contest
between dueling creditors concerning whether a purported creditor's claim
should be allowed until he apparently evaluates how the battle is progressing is
disconcerting.

MEMORANDUM OF DECISION – 9

distributions are made to creditors holding an "allowed unsecured claim . . . proof of which is— . . . timely filed under section 501(a) . . . ."  If the funds available to distribute are not sufficient to pay allowed unsecured claims in full, a distribution is made pro rata among those holding timely allowed claims.  § 726(b).  Indeed, only when all timely allowed claims are paid in full do creditors holding tardily filed claims share in distributions. § 726(a)(2)(C).

The Rules address the requirements for both the substance and timely filing of a proof of claim.  *See* Rules 3002(a) (requiring creditor to file a proof of claim as provided in the Rules, with certain exceptions not relevant here); Rule 3002(b) (requiring that the proof of claim be "filed" per Rule 5005, again with limited exceptions not relevant here); Rule 3002(c) (establishing the deadline for filing proofs of claim); Rule 5005(a) and (c) (requiring that proofs of claim be filed with the clerk of the bankruptcy court, or with permission, with the bankruptcy judge, and providing that a paper "intended to be filed with the clerk but erroneously

MEMORANDUM OF DECISION – 10

delivered to the United States trustee . . ." be thereafter transmitted to the

clerk); and Rule 9009 (requiring that parties use the Official Forms for

papers filed in bankruptcy cases, one of which is Form 10 for a proof of

claim).

These Code sections and Rules do not help Marquee.  Clearly,

Marquee did not file anything with the Clerk of this Court until it tendered

its original proof of claim, and that filing came after the deadline for the

filing of timely claims.  In addition, there is no evidence that the

Declaration Marquee returned to the UST was ever "intended to be with

the clerk" such that its "filing" with that agency is effective under the

Rules.  Finally, the Declaration is not similar to Official Form 10, the form

required for a proof of claim.

Despite the provisions of the Code and Rules requiring that a formal

proof of claim be timely filed for a creditor to share in distributions from a

chapter 7 bankruptcy case, a court-made doctrine recognizing "informal"

proofs of claim has long been a part of Ninth Circuit bankruptcy

MEMORANDUM OF DECISION – 11

jurisprudence. *Dicker v. Dye (In re Edelman)*, 237 B.R. 146, 154 (9th Cir. BAP 1999) (citing *In re Patterson-MacDonald Shipbuilding Co. Carstens v. McLean*, 293 F. 190, 191 (9th Cir. 1923)); *In re Simplot*, 2014 WL 2112937, at *4 (Bankr. D. Idaho 2014). Simply put, this doctrine implements a "so-called rule of liberality in amendments to creditors' proofs of claim so that [a late-filed] formal claim relates back to a previously filed informal claim." *Wright v. Holm (In re Holm)*, 931 F.2d 620, 622 (9th Cir. 1991) (quoting *Anderson-Walker Indus., Inc. v. Lafayette Metals, Inc. (In re Anderson-Walker Indus., Inc.)*, 798 F.2d 1285, 1287 (9th Cir. 1986)).

So what is required for an effective, informal proof of claim? First, as a general matter, an informal proof of claim "must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." *Sambo's Rest., Inc v. Wheeler (In re Sambo's Rest., Inc.)*, 754 F.2d 811, 815 (9th Cir. 1985) (citing *Cnty. of Napa v. Franciscan Vineyards (In re Franciscan Vineyards)*, 597 F.2d 181, 182-83 (9th Cir. 1979) (per curiam), *cert. denied*, 445 U.S. 915 (1980)). In

MEMORANDUM OF DECISION – 12

applying this doctrine in various contexts, the Ninth Circuit BAP has

instructed that, to establish an effective informal claim has been submitted,

the creditor must show, at a minimum: "(1) presentment of a writing; (2)

within the time for the filing of claims; (3) by or on behalf of the creditor;

(4) bringing to the attention of the court; (5) the nature and amount of a

claim asserted against the estate." *Pac. Res. Credit Union v. Fish (In re Fish)*,

456 B.R. 413, 417 (9th Cir. BAP 2011) (citing *In re Edelman*, 237 B.R. at 155).

As explained by the BAP,

> Over the years, numerous types of documents and
> pleadings have been deemed adequate by the Ninth
> Circuit to constitute an informal proof of claim. *See In re
> Holm*, 931 F.2d at 622-23 (a disclosure statement); [*Pizza
> of Hawaii, Inc. v. Shakey's, Inc. (]In re Pizza of Hawaii*[)],
> 761 F.2d 1374, 1381-82 (9th Cir. 1985) (a complaint for
> relief from the automatic stay with attachments); *In re
> Sambo's Rest[]., Inc.*, 754 F.2d at 815-16 (a complaint
> removed from state court); []*In re Franciscan Vineyards*[],
> 597 F.2d [] at 182-83 [] (a letter to a bankruptcy trustee,
> even though it had not been filed with the bankruptcy
> court); *Sun Basin Lumber Co. v. United States*, 432 F.2d 48
> (9th Cir. 1970) (an objection to trustee's petition to sell
> property).

*Forward Progress Mgmnt. Real Estate, Inc. v. The Yucca Group, LLC (In re The*

MEMORANDUM OF DECISION – 13

*Yucca Group, LLC)*, 2012 WL 2086485, at *6 (9th Cir. BAP 2012); *see also In re*

*Anderson-Walker Indus., Inc.*, 798 F.2d at 1285 (letter to counsel for the

chapter 7 trustee stating that the creditor was owed money and expected

payment by the estate even though this letter was not filed with the

bankruptcy court); *but see In re Edelman*, 237 B.R. at 154 (phone calls made

to the U.S. Trustee during a debtor's chapter 11 case during which the

creditor's claims against the estate were discussed were not sufficient to

establish an informal proof of claim); *Bowden v. Structured Invs. Co., LLC (In

re Bowden)*, 315 B.R. 903 (Bankr. W.D. Wa. 2004) (debtor's listing a

creditor's claim in its schedules did not constitute an informal proof of

claim); *In re Degiulio*, 2000 WL 35439050, at *1-2 (Bankr. D. Idaho April 17,

2000) (same).

Significant here, and even though the informal proof of claim

doctrine requires that it be brought "to the attention of the court," "[t]he

document that purports to be an informal proof of claim need not be filed

in the court." *In re Holm*, 931 F.2d at 622 (citing *In re Franciscan Vineyards,*

MEMORANDUM OF DECISION – 14

*Inc.*, 597 F.2d at 183).  In fact, the Ninth Circuit has held:

> [a] creditor who sends a paper to a court-appointed
> trustee or other official, under circumstances that the
> sender can be said to have acted with an expectation
> that it receive an official response, has done so with an
> intent that the paper is being "filed."  The sender is in
> error, however, because the paper should have been
> "filed" with the bankruptcy court.  The sender has thus
> "intended to . . . [file] but erroneously delivered [the
> paper] to the trustee."  In the "interest of justice," a
> bankruptcy court may then "deem" that the paper has
> been filed on time.

*In re Anderson-Walker Indus., Inc.*, 798 F.2d at 1288 (quoting Rule 509 under

the Bankruptcy Act; now, with some amendments, Rule 5005)**.**  A

bankruptcy court's determination of whether a document is an informal

proof of claim is an issue of law.  *In re Fish*, 456 B.R. at 417 (citing *In re Pizza*

*Hawaii, Inc.*, 761 F.2d at 1377).

Here, even if the Declaration can effectively serve as Marquee's

informal claim, its form was deficient since it failed to contain all the

information required for a proof of claim.  As a result, not only must

Marquee show that it had an allowable, timely, informal proof of claim, it

MEMORANDUM OF DECISION – 15

must demonstrate that the "amendments" it later made to the informal

claim via the formal proofs of claim cured the informal claim's defects.  In

that respect, the case law establishes that a bankruptcy court may disallow

an amendment to a proof of claim if allowing that amendment would

result in prejudice to other parties.  *In re Sambo's Rest., Inc.*, 754 F.2d at 816-

17.  The factors a court may consider to determine prejudice include

whether there has been "bad faith or unreasonable delay in filing the

amendment, impact on other claimants, reliance by the debtor or other

creditors, and change of the debtor's position."  *Wall Street Plaza, LLC v.*

*JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 102 (9th Cir. BAP 2006) (quoting

*Roberts Farms, Inc. v. Bultman (In re Roberts Farms, Inc.)*, 980 F.2d 1248, 1251-

52 (9th Cir. 1992)).  The burden of showing prejudice is on the party

objecting to the amendment.  *In re Sambo's Rest., Inc.*, 754 F.2d at 817.  A

bankruptcy court's determination of whether to allow amendment of a

proof of claim is reviewed on appeal for an abuse of discretion.  *In re JSJF*

*Corp.*, 344 B.R. at 99.

MEMORANDUM OF DECISION – 16

## II. Application of the Law to the Facts

Applying these principles to the facts of this case, the Court somewhat reluctantly concludes that Marquee's claim should be allowed. Simply put, the Declaration Marquee sent to the UST was sufficient to constitute an effective informal proof of claim, and in addition, Hilo has not shown that it will be prejudiced if Marquee is allowed to amend the informal proof of claim.

### A.    Was the Declaration an Effective Informal Proof of Claim?

Hilo does not dispute that the first two prongs of the informal proof of claim doctrine are satisfied here.  The Court agrees.  The Declaration is a writing that was submitted to the UST in or around February 2010; the UST acted in response to the Declaration by placing Marquee on the Committee on March 18, 2010.  *See* Dkt. No. 23.  These dates were all before the claims bar date in the chapter 7 case of June 13, 2011.

Hilo does dispute that the remaining three elements for an effective informal proof of claim are satisfied by the Declaration.  The Court

MEMORANDUM OF DECISION – 17

respectfully disagrees.  Setting aside for a moment the primary issue in

this case, whether the Declaration is sufficient to bring the claim "to the

attention of the court," the Court must first determine whether the

Declaration is "by or on behalf of the creditor," and whether it states "the

nature and amount of a claim asserted against the estate."

The Court concludes that the Declaration constitutes an adequate

statement of a claim "by or on behalf of the creditor," Marquee,

notwithstanding that it incorrectly lists the creditor's name as "Brian J.

Lane (d/b/a Marquee Broadcasting)."  "[R]easonably construed," the

Declaration makes it clear enough that a claim is held by Marquee, even

though the exact name of the creditor in the Declaration is not precisely

correct.  *See In re Franciscan Vineyards, Inc.*, 597 F.2d at 182 (quoting *In re

Patterson-MacDonald Shipbuilding, Co.*, 293 F. at 192); *In re Simplot*, 2014 WL

2112937, at *5.

Next, the Court concludes that the Declaration adequately states

"the nature and amount of the claim asserted against the estate."  The

MEMORANDUM OF DECISION – 18

Declaration indicates that the claim is based upon a "promissory note,"
and that the "amount of the unsecured claim" is "$230,671.88."  Further, as
a request to be appointed to the Committee, whose goal it was to represent
the interests of Debtor's unsecured creditors in the bankruptcy case, the
Declaration is sufficient to state Marquee's intent to hold the bankruptcy
estate liable for the amount claimed.  Indeed, there would be little purpose
served by Marquee's service on the Committee had it not intended to
share in any payments to Debtor's creditors.

The harder issue in this case, in the Court's view, is whether the
Declaration, sent to the UST, is sufficient to "bring [the claim] to the
attention of the court."  Based upon the Ninth Circuit's liberal approach to
this requirement, the Court concludes that the Declaration satisfies this
requirement.

To begin, as noted above, in this Circuit, an informal proof of claim
need not be filed with the court.  *See In re Holm*, 931 F.2d at 622 (citing *In re
Franciscan Vineyards, Inc.*, 597 F.2d at 183)*.  This liberal approach to the

MEMORANDUM OF DECISION – 19

"place of filing" question has not been adopted in all of the circuits.  *See,*

*e.g.*, *In re Griffin Trading Co.*, 270 B.R. 883, 896-97 (Bankr. N.D. Ill. 2001)

(collecting cases and noting "[u]nlike the Fifth, Sixth, Tenth and Eleventh

Circuits, neither the Eighth or Ninth Circuits require that the creditor *file*

the informal claim in the bankruptcy court.") (emphasis added)).

    As an example of the contrasting approach to this issue, the

Connecticut Bankruptcy Court considered a case with facts similar to this

contest.  *In re E.C.W., Inc.*, 107 B.R. 451 (Bankr. D. Conn. 1989).   In that

case, the creditor had failed to timely file a proof of claim in the debtor's

chapter 11 case.  However, during the time for filing claims, the creditor,

through its attorney, submitted a letter to the UST that stated the amount

of the claim and requested that the creditor be appointed to the unsecured

creditors' committee.  After the claims-filing deadline, the creditor asked

the bankruptcy court to find that the letter to the UST was effective as an

informal proof of claim.  The bankruptcy court articulated its test to

determine whether a document is an informal proof of claim: "[i]f a

MEMORANDUM OF DECISION – 20

writing sufficient to show the existence, nature and amount of a claim

against the estate has been *filed and has timely become a part of the judicial*

*record* prior to expiration of the time limit for filing such a claim, some

courts have allowed an amendment to that informal proof of claim by a

properly drawn formal proof of claim." *Id.* at 452-53 (citing *In re Pabis*, 62

B.R. 633, 636 (Bankr. D. Conn. 1986) (emphasis added)).  Based upon the

court's precedent that required the document be filed and become a part of

the court's record, the bankruptcy court concluded the letter to the UST

did not qualify as an informal proof of claim.  *Id.* at 453.

However, as stated above, the "actually-filed" requirement is not the

law in the Ninth Circuit.  Instead, as summarized by the Ninth Circuit

BAP, "[e]very case located by this Panel . . . requires, at an absolute

minimum, that a writing be received by either the bankruptcy court *or a*

*representative of the bankruptcy estate* no later than the claims bar date."  *In re*

*Edelman*, 237 B.R. at 155 (emphasis added).  In other words, in this Circuit,

MEMORANDUM OF DECISION – 21

letters or other communications to representatives of the bankruptcy

estate, so long as the writing meets the other requirements for an informal

proof of claim, can satisfy this prong of the test even though they were

never filed with the court. *See In re Anderson-Walker Indus., Inc.*, 798 F.2d at

1285; *In re Franciscan Vineyards, Inc.*, 597 F.2d at 183. But, again as noted by

the Ninth Circuit BAP, "there appear[s] to be no cases addressing the issue

of whether the United States Trustee is an estate representative for

purposes of receiving an informal proof of claim . . . ." *In re Edelman*, 237

B.R. at 155.

Like the BAP, the Court is unable to locate binding authority on

whether a written communication to the UST in a chapter 11 case can

constitute an informal proof of claim. However, an Eighth Circuit case is

instructive and applies an informal proof of claim test similar to one

applied in this Circuit, and indeed does so relying on Ninth Circuit case

law. In that case, a chapter 11 debtor listed a creditor in its schedules and

MEMORANDUM OF DECISION – 22

the creditor "participated extensively in the [c]hapter 11 proceedings," but

the creditor failed to file a proof of claim.  *First Am. Bank & Trust of Minot v.*

*Butler Machinery, Co. (In re Haugen Constr. Servs., Inc.)*, 876 F.2d 681, 682

(8th Cir. 1989) (per curiam).  After the case was converted to one under

chapter 7, and before the time for filing claims expired, the creditor's

attorney sent a letter to the UST that set forth the amount and basis for the

creditor's claim against the bankruptcy estate, asked that the UST appoint

a competent case trustee, and requested that the UST forward the letter to

the individual appointed.  *Id.*  The creditor did not file a formal proof of

claim in the chapter 7 case.  Even so, the bankruptcy court determined that

the letter to the UST qualified as an informal proof of claim that could later

be amended.  *Id.*  When another creditor appealed, the district court

affirmed, as did the Eight Circuit, observing that:

> "Great liberality in permitting amendments of claims in
> bankruptcy proceedings is proper, but the statute
> requiring that a proof of claim in writing be filed is
> clear, positive and unambiguous and it must not be

MEMORANDUM OF DECISION – 23

> nullified in the name of equity.  If the record made
> within the statutory period, *formal or informal*, disclosed
> facts showing an assertion of a claim against the estate
> and an intention by the claimant to share in its assets,
> there would be a basis for the proposed amendment . . .
> ."

*Id.* (quoting *In re Donovan Wire & Iron Co.*, 822 F.2d 38, 39 (8th Cir. 1987)

(per curiam) (emphasis in original)).  The court cited to *In re Franciscan*

*Vineyards, Inc.* for the proposition that a document need not be filed with

the court to be an informal proof of claim.  *Id.*  Based upon this standard,

the Eight Circuit held, "that [the creditor] sufficiently made an amendable

proof of claim . . . [because the creditor] explicitly stated the nature and

amount of its claim, and its desire to pursue that claim, in the letter it sent

to the United States Trustee . . . .  Moreover, [the creditor's] active

participation throughout the earlier bankruptcy proceedings demonstrated

[the creditor's] intent that the letter assert a claim."  *Id.* (citing *In re*

*Anderson-Walker Indus., Inc.*, 798 F.2d at 1288).

 Given the facts of this case, and based upon the Ninth Circuit's

MEMORANDUM OF DECISION – 24

liberal approach to what constitutes an informal proof of claim, the Court

concludes that the UST is a "representative for purposes of receiving an

informal proof of claim," and that the Declaration sent to the UST prior to

the deadline for filing claims was sufficient to bring the claim "to the

attention of the court."

### B.     Was the Informal Claim Properly Amended?

Even if the Declaration is sufficient to constitute an effective

informal proof of claim, it does not contain all of the information required

by the Rules for an allowed proof of claim.  While a timely claim may be

amended, as discussed above, a bankruptcy court need not allow such an

amendment if to do so would prejudice another party.  Here, Hilo argues

it will suffer prejudice if the amendment is allowed because the amount it

will receive from Trustee will be significantly diminished, from

approximately twenty-nine cents down to eleven cents on the dollar.  In

other words, if Marquee's claim is allowed, Hilo will receive

MEMORANDUM OF DECISION – 25

approximately $18,200 on its claim, as compared to approximately $46,250

if Marquee does not share in distributions.

While the Court is sympathetic to Hilo's argument that its recovery

in this case will be reduced, a mere reduction in the distribution is not

sufficient prejudice to justify disallowing Marquee's amended claim.  *See*

*In re JSJF Corp.*, 344 B.R. at 102 (holding "prejudice requires more than

simply having to litigate the merits of, or to pay a claim—there must be

some legal detriment to the party opposing."); *In re Simplot*, 2014 WL

2112937, at 7 (explaining that "any time an untimely formal proof of claim

is allowed to amend an informal proof of claim, it is entitled to treatment

and distribution along with timely filed formal claims of other creditors.

That, per force, dilutes the dividends the other creditors holding claims

receive.  Notwithstanding this inevitable effect, the 'prejudice' of dilution

of distribution is not an element in the test for allowing an informal proof

of claim.  It is simply the natural consequence of such allowance.").

MEMORANDUM OF DECISION – 26

Therefore, in the absence of a showing of some other sort of prejudice to Hilo, other than a reduction in its anticipated distribution, the Court will allow Marquee's amendment of the informal proof of claim.

### Conclusion

The Court concludes that Marquee submitted a timely, effective informal proof of claim that could be amended via the later-filed formal proofs of claim.  Marquee's amended proof of claim will be allowed, and Hilo's objection will be overruled.  A separate order will be entered.

Dated:  September 30, 2014

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 27